| | |
|---|---|
| 1 | JAMES D. BOYLE, ESQ. |
| | Nevada Bar No. 8384 |
| 2 | E-mail:jboyle@nevadafirm.com |
| | SEAN E. STORY, ESQ. |
| 3 | Nevada Bar No. 13968 |
| | E-mail:sstory@nevadafirm.com |
| 4 | HOLLEY DRIGGS, WALCH |
| | FINE WRAY PUZEY & THOMPSON |
| 5 | 400 South Fourth Street, Third Floor |
| | Las Vegas, Nevada 89101 |
| 6 | Telephone: 702/791-0308 |
| | Facsimile: 702/791-1912 |

BRIAN C. BUESCHER, ESQ.
*Admitted Pro Hac Vice*
PATRICK B. GRIFFIN, ESQ.
*Admitted Pro Hac Vice*
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone:   402/346-6000
Facsimile:   402/346-1148

*Attorneys for Plaintiff Meridian OHC Partners, LP*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MERIDIAN OHC PARTNERS, LP, | |
| Plaintiff, | CASE NO.: 2:16-cv-01161-JAD-CWH |
| v. | |
| MICHAEL A. DAVIS, an individual; and RUDOLF STEINER FOUNDATION, INC., d/b/a RSF SOCIAL FINANCE, a New York corporation, | |
| Defendants. | |

### STIPULATION, JOINT MOTION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING RESOLUTION OF THE PENDING MOTIONS TO DISMISS

Pursuant to Local Rules IA 6-2 and 7-1, Plaintiff Meridian OHC Partners, LP ("Meridian") and Defendants Michael A. Davis ("Davis") and Rudolf Steiner Foundation, Inc., d/b/a RSF Social Finance ("RSF") (collectively, the "Parties") hereby stipulate to and respectfully move the Court for a stay of all proceedings and deadlines in this matter, including discovery, in light of the

KUTAK ROCK LLP
ATTORNEYS AT LAW
OMAHA

STIPULATION, JOINT MOTION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING RESOLUTION OF THE PENDING MOTIONS TO DISMISS
4851-8346-0181.1

applicability of the statutory stay of discovery under the Private Securities Litigation Reform Act (15 U.S.C. § 78u-4) to the claims asserted in this action. In support of this Stipulation, the Parties state the following:

1. On or about April 14, 2017, Plaintiff filed its Third Amended Complaint and Jury Demand in the above-captioned matter (Doc. 75).

2. On or about May 18, 2017, Davis filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 78).

3. On or about May 18, 2017, RSF filed a Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 79).

4. On or about June 15, 2017, Meridian filed its briefs in opposition to the Motions to Dismiss filed by both Davis and RSF (Docs. 81 and 82, respectively).

5. On or about June 29, 2017, Davis and RSF filed their reply briefs in support of their Motions to Dismiss (Docs. 94 and 93, respectively).

6. On or about September 8, 2017, the Parties filed a Stipulation and Order to Extend Expert Deadlines (Doc. 95), for the reason that the Parties were hoping to avoid unnecessary costs and expenses associated with engaging in discovery, in particular the extensive costs involved in retaining expert witnesses, before the pleadings are settled in this matter and would therefore inform the scope of discovery. The Stipulation was granted by the Court on September 11, 2017 (Doc. 98).

7. On or about October 6, 2017, the Parties filed a Stipulation and Order to Extend Scheduling Order Deadlines [ECF No. 980] (Doc. 100), for the reason that the Parties continued to hope to avoid unnecessary costs and expenses associated with engaging in discovery and retaining expert witnesses pending the Court's decision on the two fully briefed motions to dismiss. The Stipulation was granted by the Court on October 11, 2017 (Doc. 101).

8. The Parties agree that the mandatory statutory stay of discovery of the Private Securities Litigation Reform Act, 15 U.S.C.A. § 78u-4, applies to the claims asserted in this case because this action is a private action arising under the Securities Exchange Act of 1934.

9. The Parties stipulate and agree that all discovery in this matter should be stayed during the pendency of the motions to dismiss in accordance with 15 U.S.C. § 78u-4(b)(3)(B)

which provides:

> (B) Stay of discovery
>
> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

10. The Parties agree that other U.S. District Courts have applied the Private Securities Litigation Reform Act's statutory stay of discovery in actions asserting claims under § 13(d) of the Exchange Act, like the claims asserted by Plaintiff in this action. *See*, *e.g.*, *Ashford Hospitality Prime Inc. v. Sessa Capital (Master) LP*, No. 3:16-CV-00527-N, 2016 WL 9280323, at *2 (N.D. Tex Oct. 27, 2016), *Medical Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 718-19 (S.D. Cal 1996).

11. The Parties further stipulate and agree that, in addition to the mandatory statutory stay of discovery during the pendency of a motion to dismiss, all proceedings and deadlines in this matter should be stayed until the Court rules on Defendants' motions to dismiss for purposes of efficiency.

12. The Parties stipulate and agree that, in the event that any portion of Meridian's Third Amended Complaint survives after the Court's ruling on the motions to dismiss, the Parties will submit, within thirty (30) days of the Court's ruling on the motions to dismiss, a joint proposed Scheduling Order.

/
/
/
/
/
/
/
/
/

WHEREFORE the Parties respectfully request that the Court enter an Order (i) granting this Stipulation and Motion, (ii) staying all proceedings, discovery, and deadlines pending the determination of the outstanding motions to dismiss, and (iii) requiring the Parties to submit a joint proposed Scheduling Order within thirty (30) days of the Court's ruling on the motions to dismiss in the event any portion of Meridian's Third Amended Complaint survives such ruling.

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 21, 2017

Dated: November 20, 2017.                    Dated: November 20, 2017

*s/Patrick B. Griffin, Esq.*                 *s/I-Chi Lai, Esq.*
Patrick B. Griffin, Esq.                     I-Chi Lai, Esq.
Admitted *Pro Hac Vice*                      Nevada Bar No. 12247
Brian C. Buescher, Esq.                      WILSON ELSER MOSKOWITZ
Admitted *Pro Hac Vice*                      EDELMAN & DICKER LLP
KUTAK ROCK LLP                               300 South Fourth Street, 11th Floor
1650 Farnam Street                           Las Vegas, Nevada 89101
Omaha, Nebraska 68102

                                             Michael P. McCloskey, Esq.
*Admitted Pro Hac Vice*                      Admitted *Pro Hac Vice*
                                             WILSON ELSER MOSKOWITZ
James D. Boyle, Esq.                         EDELMAN & DICKER LLP
Nevada Bar No. 08384                         655 West Broadway, Suite 900
Hannah S. Goodwin, Esq.                      San Diego, California 92101
Nevada Bar No. 13878
HOLLEY DRIGGS WALCH                          *Attorneys for Defendant Rudolf Steiner*
FINE WRAY PUZEY & THOMPSON                   *Foundation, Inc., d/b/a RSF Social Finance*
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiff Meridian OHC*
*Partners, LP*

Dated: November 20, 2017.

*s/Robert W. May, Esq.*
Alex Fugazzi, Esq.
Nevada Bar No. 9022
V.R. Bohman, Esq.
Nevada Bar No. 13075
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

Anna Erickson White, Esq.
Admitted *Pro Hac Vice*
Robert W. May, Esq.
Admitted *Pro Hac Vice*
MORRISON & FOERSTER, LLP
425 Market Street
San Francisco, California 94105

*Attorneys for Defendant Michael A. Davis*