# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Meridian OHC Partners, LP, | Case No.: 2:16-cv-01161-JAD-CWH |
| Plaintiff | **Order Denying Motions to Dismiss** |
| v. | [ECF Nos. 78, 79] |
| Michael Davis, et al., | |
| Defendants | |

Plaintiff Meridian OHC Partners, LP, sues defendants Michael Davis and Rudolf Steiner Foundation, Inc. (RSF) for violating Section 13(d) of the Securities Exchange Act of 1934[1] (the "Exchange Act) by filing inaccurate disclosures on their respective Schedules 13D. Meridian seeks injunctive relief that compels Davis and RSF to correct their disclosures and restrains them from voting shares that were acquired in violation of the securities laws. In separate, yet essentially overlapping arguments, Davis and RSF move to dismiss Meridian's third-amended complaint. Because I find that Meridian has pled plausible claims, I deny their motions.[2]

## Background[3]

Davis, RSF, and Meridian are the three largest shareholders in Cyanotech Corporation—a company that produces natural nutritional supplements made from microalgae. Davis acquired 19.6% of Cyanotech's outstanding common-stock shares in 2002, has served as a member of Cyanotech's Board since 2003, and has been Chairman of the Board since 2011. As of March 17, 2017, Davis claims beneficial ownership of approximately 16.8% of the outstanding common stock.

---

[1] Codified as 15 U.S.C. § 78m(d).

[2] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[3] These background facts, which I must take as true at this motion-to-dismiss stage, are taken directly from Meridian's third-amended complaint. So, I generally cite to ECF No. 75 for this background section. These are not intended to be findings of fact.

1

At some point in 2011, another shareholder wanted to sell its 9.7% interest in Cyanotech. When Davis got wind of the sale, he donated an unprecedented $2.5 million to RSF, who used that money to buy the shares. Then, by using one of his charitable foundations as a vehicle, Davis transferred additional Cyanotech shares to RSF while contemporaneously recouping his own interest through the open market. As of March 17, 2017, RSF holds 16.2% of the outstanding common stock. Davis and RSF collectively own 33% of Cyanotech's outstanding common stock; Meridian owns 13%.

Davis had been reporting his ownership interest on short-form Schedule 13G—a form reserved for passive investors and unavailable to those seeking to control or influence the issuer—instead of Schedule 13D—the standard long-disclosure form for shareholders owning more than 5% of a company's outstanding common stock. In response to Meridian's May 2016 demand, Cyanotech appointed a special committee to investigate whether Davis was required to file a Schedule 13D based on his significant ownership interest, position on the Board, and relationship with RSF. Meridian filed its original complaint against Davis and RSF one week after making the demand, alleging, among other things, that Davis was committing securities fraud and breaching his fiduciary duties to Cyanotech by filing inaccurate Schedules 13G instead of accurate Schedules 13D.[4] In September 2016, the special committee released its findings, concluding that "Davis should be filing his reports . . . under Schedule 13D, rather than on the short form Schedule 13G." On September 19, 2016, Meridian filed a verified, first-amended complaint, incorporating the committee's finding;[5] the next day, Davis filed a Schedule 13D.

Because Meridian's first-amended complaint alleged that Davis had not yet filed a Schedule 13D, I dismissed it as moot in light of Davis's newly filed disclosure and gave Meridian leave to amend.[6] Meridian filed a second-amended complaint, this time alleging that Davis's 13D was inaccurate in at least two respects: (1) he reported that he acquired his shares

---

[4] ECF No. 1 at 21–23 (fourth and fifth claims for relief).

[5] ECF No. 41.

[6] ECF No. 64.

for "investment purposes" instead of his goal to exercise control and influence over Cyanotech; and (2) he disclaimed that he and RSF were a group within Section 13(d)'s meaning.[7] On March 17, 2017, Davis and RSF filed a joint, amended Schedule 13D identifying themselves—along with Skywords Family Foundation[8]—as a group from that date.

The parties then stipulated to give Meridian leave to amend its complaint a third time to account for the amended Schedule 13D.[9] In its third-amended complaint, Meridian alleges only two violations of Section 13(d). First, Davis continues to violate Section 13(d) by representing that he acquired his interest in Cyanotech for "investment purposes" rather than to exercise control and influence. Second, Davis and RSF continue to violate Section 13(d), despite their amended Schedule 13D, because they do not acknowledge that they were a statutory group prior to March 17, 2017. Davis and RSF now move to dismiss both claims.

**Discussion**

**A.     Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[10] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[11] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

---

[7] ECF No. 66. Section 13(d) defines a "group" as "two or more persons act[ing] as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer." 15 U.S.C. § 78m(d)(3).

[8] Skywords Family Foundation is Davis's charitable foundation and the vehicle that Davis allegedly used to transfer shares to RSF.

[9] ECF Nos. 73, 74.

[10] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[11] *Twombly*, 550 U.S. at 570.

speculative level."[12] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[13]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[14] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[15] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[16] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[17] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[18]

**B.      Meridian has sufficiently pled a cause of action under Section 13(d).**

Davis argues that Meridian's third-amended complaint should be dismissed for four reasons: (1) Section 13(d) does not imply a private cause of action outside the context of threatened corporate takeover; (2) Meridian has not shown that it will suffer irreparable harm without the requested injunctive relief; (3) this lawsuit moots Meridian's second claim because it provides shareholders with the information required to make informed investment decisions and satisfies Congress's intent in passing Section 13(d); and (4) the allegations are insufficient to satisfy the Private Securities Litigation Reform Act's (PSLRA) heightened pleading

---

[12] *Iqbal*, 556 U.S. at 678.

[13] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[14] *Iqbal*, 556 U.S. at 678–79.

[15] *Id.*

[16] *Id.* at 679.

[17] *Id.*

[18] *Twombly*, 550 U.S. at 570.

requirement.[19] RSF incorporates Davis's arguments into its own motion[20] and adds that public-policy and equitable considerations of balancing the hardships do not support the requested injunctive relief.[21]

### 1. Meridian may pursue a private cause of action under Section 13(d) outside the context of a threatened takeover.

"Congress enacted Section 13(d) in 1968, in response to a sharp increase in corporate takeover bids . . . to provide for full disclosure in connection with cash tender offers and other techniques for accumulating large blocks of equity securities of publicly held companies."[22] This "allows investors to determine the value of the corporation's securities more accurately and to make more informed investment decisions."[23]

Section 13(d) of the Exchange Act requires beneficial owners of more than 5% of an outstanding class of registered securities to file a disclosure statement on a long-form Schedule 13D or short-form Schedule 13G.[24] A group of two or more persons formed "for the purpose of acquiring, holding, or disposing of securities of an issuer" stock is considered a single beneficial owner under the statute.[25] The owner must disclose information about its background and

---

[19] ECF No. 78.

[20] ECF No. 79 at 7.

[21] *See* ECF No. 79. RSF's public-policy and balancing-the-hardships arguments are premature at this motion-to-dismiss stage. I do not consider the contours or appropriateness of the requested remedy at this time; I consider only whether the plaintiff alleges a plausible claim upon which relief can be granted.

[22] *Portsmouth Square Inc. v. Shareholders Protective Committee*, 770 F.2d 866, 872 (9th Cir. 1985) (quoting *GAF Corp. v. Milstein*, 453 F.2d 709, 717 (2d Cir. 1971)).

[23] *Id.* at 872–73.

[24] 15 U.S.C. § 78m(d)(1); 17 C.F.R. § 240.13d-1. *See also* 17 C.F.R. § 240.13d-101 (Schedule 13D template); 17 C.F.R. § 240.13d-102 (Schedule 13G template). Schedule 13D is the standard form, and Schedule 13G is available to passive investors who did not acquire the securities for the purpose "of changing or influencing the control of the issuer." 17 C.F.R. § 240.13d-1(b) and (c).

[25] 15 U.S.C. § 78m(d)(3).

5

identity, the source of the funds used to purchase the securities, the purpose of the purchase, and the extent of the owner's holdings in the target company.[26]

Section 13(d) does not expressly authorize a private right of action, but the United States Supreme Court has recognized "the power of federal courts to fashion private remedies for securities laws violations when to do so is consistent with the legislative scheme and necessary for the protection of investors . . . ."[27] The Ninth Circuit "has held that an issuer corporation has a private right of action for injunctive relief under Section 13(d) of the Act. Because the sole purpose of Section 13(d) is to protect shareholders, however, the issuer corporation is deemed to act on the shareholders' behalf in seeking injunctive relief until an accurate Schedule 13D is filed."[28]

The Ninth Circuit has not yet extended that right to individual shareholders, but the defendants do not dispute Meridian's ability to bring this action as an individual shareholder.[29] As a practical matter, the issuer is likely in the best position to police its shareholders' Schedules 13D and 13G because the Act requires the disclosures to be filed with the issuer; it does not require disclosure to the shareholders.[30] And if the Section's whole purpose is to protect the shareholders by providing them with complete and accurate information to assist them in making informed investment decisions, an individual shareholder should not be precluded from asserting a Section 13(d) claim.

---

[26] *Edgar v. MITE Corp.*, 457 U.S. 624, 632 (1982).

[27] *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 62 (1975).

[28] *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1158 (9th Cir. 1992) (internal citations omitted); *see also Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1223 (4th Cir. 1980); *Milstein*, 453 F.2d at 720.

[29] *See generally* ECF Nos. 78–79.

[30] *See GAF Corp. v. Milstein*, 453 F.2d 709, 721 (2d Cir. 1971) ("Nor is it realistic to expect shareholders to deter persons from filing inaccurate statements by resort[ing] to the antifraud provisions. Stockholders are generally unaware of the necessary background information to judge the truth or falsity of the statements. Additionally, since the Act does not require the statements to be disseminated to shareholders, they do not have the immediate access of the issuer to the filings.").

Defendants argue that courts recognize a right of action under Section 13(d) only when a cash tender offer or some other "large, rapid aggregation or accumulation of securities" threatens a change in corporate control,[31] and because they acquired their interests in Cyanotech years ago, there is no current threatened change in control. So, they contend, Meridian has the burden of establishing that it can sue under Section 13(d) outside the context of a threatened takeover.[32]

Meridian responds that courts "have found a private right of action to exist in multiple situations when necessary to remedy an incorrect or incomplete filing of a Schedule 13D."[33] It cites to *Chevron Corp. v. Pennzoil Co.*,[34] *Dan River, Inc. v. Unitex Ltd.*,[35] and *GAF Corp. v. Milstein*[36] for support. In *Chevron*, the Ninth Circuit concluded that "a reasonable inference could be drawn that Pennzoil's [Schedule 13D] was materially misleading because it failed to adequately disclose Pennzoil's intent to obtain a board position and exert some level of management influence over Chevron's operations."[37] The court reversed the district court's grant of summary judgment and remanded the case so that Chevron could pursue its Section 13(d) claim and seek curative injunctive relief for the allegedly inaccurate disclosure.

The Second Circuit held in *Milstein* that "the obligation to file *truthful* statements is implicit in the obligation to file with the issuer, and *a fortiori*, the issuer has standing under Section 13(d) to seek relief in the event of a false filing."[38] And in *Dan River*, the Fourth Circuit—placing substantial weight on the holding in *Milstein*—held that, "should Dan River establish that there is a reasonable basis for concluding that the Schedule 13D filed by the

---

[31] ECF No. 78 at 16.

[32] *Id.*

[33] ECF No. 81 at 7.

[34] *Chevron*, 974 F.2d at 1161.

[35] *Dan River*, 624 F.2d at 1224.

[36] *Milstein*, 453 F.2d at 720.

[37] *Chevron*, 974 F.2d at 1161.

[38] *Milstein*, 453 F.2d at 720 (emphasis in original).

7

defendants is inaccurate, incomplete, or misleading . . . the district court may and should grant appropriate injunctive relief and should require the filing of an amended Schedule 13D complying with the requirement of a truthful and complete statement . . . ."[39]

All of these cases, however, arose in the context of an express or alleged takeover attempt. So, they don't stand for the proposition that a Section 13(d) action can be brought beyond that context, but nor do they say that one can't be. What I glean from these cases is their focus on the need for truthful and complete Schedules 13D. This focus seems to support a private right of action for curative injunctive relief even after a change in control has occurred.

But what I find most compelling is Meridian's common-sense argument that to agree with Davis and RSF would be to "eviscerate Section 13(d)." Davis and RSF argue that they have collectively owned 33% of Cyanotech's outstanding common stock for several years and currently exercise actual control in light of Davis's position as Chairman of the Board, so there can be no future threat of usurpation from them. But Meridian alleges that they gained their controlling share while they were in violation of Section 13(d). Agreeing with the defendants, then, is tantamount to saying: "If you violate Section 13(d) long enough, you can't be sued under Section 13(d)." And this cannot be what Congress intended. So, in light of the caselaw's focus on truth, accuracy, and completeness, I find that Meridian may assert a private cause of action under Section 13(d).

### 2. *Meridian has sufficiently alleged that it will continue to suffer irreparable harm until the filings are corrected.*

Next, Davis and RSF argue that Meridian fails to allege any irreparable harm that entitles it to injunctive relief.[40] In their view, any harm that may have occurred from any violation of Section 13(d) that they may have committed already occurred several years in the past, so there is no threat of irreparable, future harm.[41] But Meridian alleges that Davis and RSF continue to

---

[39] *Dan River*, 624 F.2d at 1224.

[40] ECF No. 78 at 17.

[41] *Id.* at 19–20.

8

violate Section 13(d) because, in Meridian's view, Davis's Schedule 13D is inaccurate until he amends it to say that he acquired his shares for the purpose of controlling or influencing Cyanotech, and Davis's and RSF's joint Schedule 13D is inaccurate until it acknowledges that they were a group since at least 2011.

If Section 13(d)'s mandate to provide shareholders with complete and accurate information is not honored, then shareholders will continue to be harmed until full and accurate disclosures are reported.[42] I thus find it sufficient that Meridian, as a shareholder with a substantial interest in Cyanotech, has pled that it will continue to be harmed until the defendants comply with Section 13(d).

### *3. This lawsuit does not moot Meridian's second claim.*

The defendants also argue that this lawsuit, by its very nature, moots Meridian's second claim because it provides shareholders with all of the information that they need in order to make informed investment decisions.[43] Apparently, this lawsuit and the positions on either side have been publicized to Cyanotech's shareholders, posted on the internet, and reported in Meridian's own Schedules 13D. But those disclosures do not give shareholders—including Meridian—clarity. There is value in clarity, and Meridian brings this lawsuit so that it can properly value its investment and make informed decisions in the future. Accordingly, I do not find that Meridian's second claim is moot.

### *4. The allegations are satisfactory under any pleading standard.*

Finally, Davis and RSF argue that Meridian's complaint fails to satisfy the PSLRA's heightened pleading standard—the functional equivalent of FRCP 9(b).[44] Under this standard,

---

[42] *See, e.g.*, *MONY Group, Inc. v. Highfields Capital Management, LP,*, 368 F.3d 138, 147 n.9 (2d Cir. 2004); *Chromalloy American Corp. v. Sun Chemical Corp.*, 611 F.2d 240, 249 (8th Cir. 1979) (finding no irreparable harm because defendant complied with Section 13(d)); *Gen. Aircraft Corp. v. Lampert*, 556 F.2d 90, 96–97 (1st Cir. 1977) ("As the very *raison d'etre* of Section 13(d) was thwarted by appellants' continued failure to disclose the statutorily required information, we discover no error in the decision that irreparable injury would occur to shareholders and the investing public if appellants were allowed to continue their activities without correcting and amplifying their Schedule 13D.").

[43] ECF No. 78 at 20–23.

[44] *Id.* at 23–24.

9

any plaintiff alleging that a defendant made untrue, incomplete, or misleading securities disclosures must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."[45] Claims brought under Section 13(d) do not require a plaintiff to plead scienter.[46]

Meridian's allegations exhibit a comprehensive plan by Davis to use RSF as an alter ego and use their combined interest in Cyanotech as a means of controlling it. Meridian alleges that Davis has always invested in Cyanotech with a view to control it, as shown by his early placement on the Board, continued influence as its Chairman, and alleged involvement in cycling out CEOs. Meridian further alleges that Davis used RSF to gain more influence, as shown by their close preexisting relationship, the unprecedented and never-repeated donation of $2.5 million dollars to RSF so that it could fund the purchase—that Davis allegedly negotiated—of a 9.7% interest in Cyanotech, and the subsequent transfers of stock to RSF through Davis's charitable foundation. And Meridian sufficiently alleges that Davis and RSF have been in cahoots since at least 2011 when RSF first invested because Davis was allegedly responsible for every share that RSF acquired. These allegations are sufficient to plead plausible claims of noncompliance with Section 13(d).

**Conclusion**

Accordingly, the defendants' motions to dismiss **[ECF Nos. 78, 79] are DENIED**.

Dated: March 15, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[45] 15 U.S.C. §78u-4(b)(1).

[46] *See, e.g.*, *SEC v. Savoy Indus.*, 587 F.2d 1149, 1167 (D.C. Cir. 1978) ("The language of Section 13(d)(1) indicates clearly that it is a reporting, and not an antifraud, provision. . . . Indeed, the plain language of Section 13(d)(1) gives no hint that intentional conduct need be found, but rather, appears to place a simple and affirmative duty of reporting on certain persons.").